OPINION
Defendant-appellant Curtis Hart appeals from the trial courts finding that he is a sexual predator pursuant to R.C. Chap. 295O, also known as H.B. 180, and subject to the requirements of that legislation. Defendant appeals raising numerous constitutional and other challenges to the new legislation. For the reasons herein after discussed, we find that the trial courts finding should be vacated.
Defendant was indicted on October 24, 1995 in CR-329322 for one count of rape (R.C. 2907.03). Following a plea bargain on March 28, 1996, defendant pled guilty to an amended count of sexual battery (R.C. 2907.03) for which he was sentenced to two years incarceration.
Following enactment of H.B. 180, on August 29, 1997, the defendant was returned to the Common Pleas Court for a sexual predator hearing pursuant to the new Act. Defendant was represented by assigned counsel who filed a motion to dismiss the proceedings on the grounds that H.B. 180 was unconstitutional as an ex post facto or retroactive law. These motions were denied by the trial court. (Tr. 4).
The factors the trial court took into account in its sexual predator determination were enumerated as follows:
 I will take judicial notice of this courts docket and the journal entries that relate to 329322, as well as to Curtis Hart. Im hoping to incorporate by reference the pre-sentence investigative report prepared in conjunction with this case reflecting the contention of the State, the allegations of the victims [sic], and make a specific finding that at the time of this incident that the party involved the victim was age 13. And that there was the use of alcohol in conjunction with and in concert with this particular circumstance.
(Tr. 5).
The Court found the defendant to be a sexual predator and informed him what his obligations would be upon his release from prison.
Defendants timely appeal to this Court followed. We will address defendants assignments of error in the order asserted and together where it is appropriate for discussion.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 XII. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Defendants Assignments of Error I and XII will be addressed together as they both deal with the retroactive application of H.B. 180.
At the time defendant and the State filed their briefs herein, the Ohio Supreme Court had not yet addressed the constitutionality of H.B. 180. Since then the Ohio Supreme Court has decided Statev. Cook (1998), 83 Ohio St.3d 404 which contains a helpful historical analysis and the legislative background of "Megans Law," i.e., those class of cases in which sexual offenders are identified and obliged to register with public authorities from whom notification is sent to neighbors or other interested parties. The Cook decision expressly addressed the constitutionality of H.B. 180 and found no ex post facto or retroactive infirmity in a constitutional sense in the new legislation. The Cook syllabus states as follows:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Given the Supreme Courts decision in Cook, we find no merit to defendants ex post facto/retroactive constitutional arguments.
Defendants Assignments of Error I and XII are overruled.
The following assignments of error will be discussed together because they all relate to the identical constitutional issues recently addressed by this Court in reviewing H.B. 180.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESS," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISION OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
On January 28, 1999, this Court decided State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, which addressed and overruled the identical constitutional issues raised by the foregoing assignments of error. We have reviewed the recent Eleventh District opinion in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, and see no reason to depart from our Ward decision on the constitutional issues involved. We adopt the discussion contained in Ward on these constitutional issues and follow same in the disposition of the foregoing assignments of error.
Defendants Assignments of Error II, IV, V, VI, VII, VIII, IX, X and XI are overruled.
We will separately consider the remaining assignment of error which presents factual and evidentiary issues distinct from the Ward case.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant argues that there is a qualitative burden of proof on the State to establish by clear and convincing evidence that defendant is likely to commit future sexual offenses and that his "old conviction data" was not sufficient to meet this burden. This argument goes to the sufficiency of the evidence. We adopt and incorporate by reference that portion of our Ward decision which generally discusses the States burden of proof and the factors the court shall take into consideration in reaching a sexual predator determination. See Ward, supra, at 8-15. However, since Wards sexual predator classification was based on facts different from those presented in the case before us, we will separately address the trial courts finding that defendant is a sexual predator.
An offender is a sexual predator as defined by statute if he has been convicted of at least one sexually oriented offense and is found "likely" to commit another in the future. The determination that an offender is a sexual predator must be based on clear and convincing evidence. R.C. 2950.09(B)(3). Thus, the law permits the adjudication of an individual as a sexual predator based solely upon one conviction for a sexual offense and consideration of the factors set forth in R.C. 2950.09(B)(2). Eight of the ten factors set forth in R.C. 2950.09(B)(2) involve what may be considered "old conviction data," i.e., information available at the time of the original sentencing.
The court in State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported at 5, addressed this same argument and held that a finding that an offender is a sexual predator based on old conviction data is appropriate.
 Appellant argues that evidence of the facts underlying his previous convictions is not appropriate evidence to support a finding that he is a sexual predator because this evidence is not probative of his likelihood to commit sexual offenses in the future. However, this court has stated that "in determining an offenders propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (December 29, 1997), Clermont App. No. CA97-05-046, unreported at 5, citing State v. Bartis (December 9, 1997), Franklin App. No. 97APA05-600, unreported. Likewise the United States Supreme Court has stated that "previous instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks (1997), 117 S.Ct. 2072, 2080. See, also, State v. Naegele (January 12, 1998), Clermont App. No. CA97-04-043, unreported.
Furthermore, the Supreme Court in Cook endorsed the use of such information when it stated that "reliable hearsay, such as a presentence investigation report, may be relied on by the trial judge" in making a sexual predator determination. Cook, supra, at 425.
In the case herein, the trial court relied on the journal entries underlying the defendants sexual battery plea and his presentence investigative report. The trial court also pointed out that the victim was a thirteen-year-old child and that alcohol was involved. We find that this evidence alone is insufficient to prove by clear and convincing evidence that the defendant is a sexual predator, i.e., likely to commit a sexual offense in the future.
The presentence investigative report indicates that the victim lived downstairs from a friend of the defendants and that she was drinking alcohol with the defendant, who was thirty-three years old at the time, and his friend. They all then went to a bar down the street, where the thirteen year old apparently had on previous occasions been successful at obtaining alcohol. This particular night, however, she was refused service. The three then proceeded to an address where the victim was staying the night. The defendant and the victim were in a van parked in the garage, where after telling her, "If you were a few years older, I would f--k you," he vaginally penetrated her. The victim remembers that she told him to stop and tried to push him off, but due to her intoxicated state she was unable to stop him. The assault lasted 10 to 15 minutes. The presentence investigative report also indicated that defendant had a prior attempted receiving stolen property conviction and a domestic violence conviction in 1984.
On this record, we cannot say that the foregoing established by clear and convincing evidence that the defendant is "likely" to commit a future sex offense under R.C. 2950.09(B). There is no evidence that defendant has a pattern of conduct in committing sexual offenses. In short, the record before us presents circumstances very similar to Ward, in that the trial court "erroneously believed that it could determine defendant to be a sexual predator solely on facts arising from the underlying sexual offense." Ward, supra, at 14. However, unlike Ward, we find no indication that the trial court overlooked "other relevant information bearing on the sexual predator determination." Id.
Therefore, "[b]ecause the states evidence was inadequate as a matter of law, we must vacate the sexual-predator determination * * * [and] order the trial court to include in [defendants] institutional record a finding that he has not been found to be a sexual predator, as mandated by R.C. 2950.09(C)(2)." State v.Hicks (June 28, 1998), Hamilton App. No. C-970533, unreported at 3.
Assignment of Error III is sustained.
Judgment vacated and cause remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE. J., and
ROCCO. J., CONCUR.
JAMES M. PORTER ADMINISTRATIVE JUDGE